# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERESA SESNA, | ) | |
| Plaintiff, | ) | 8:07CV184 |
| vs. | ) | ORDER |
| CITY OF KEARNEY, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Request for Place of Trial Different Than That Requested by the Plaintiff (Filing No. 12). Pursuant to NECivR 40.1, the defendant's request is timely and the defendant filed a supporting affidavit for the change. **See** Filing No. 12, Exhibit 1. The plaintiff did not file any opposition to the defendant's request to change the place of trial from Omaha to North Platte, Nebraska.

## BACKGROUND

According to the allegations in the amended complaint, the plaintiff is a female born on December 7, 1958. **See** Filing No. 2 ¶ 5. The City of Kearney Police Department appointed the plaintiff as an investigator on February 14, 2002, but refused to allow the plaintiff to train new police hires. *Id.* ¶¶ 5-6. The plaintiff applied for the position of Child Abuse Investigator, however the position was given to a male under the age of 40. *Id.* ¶¶ 7-8. The plaintiff submitted more than one internal complaint against other officers for conduct, she alleges, was based on gender bias, retaliation and/ or sexual harassment. *Id.* ¶¶ 9-28. However, the internal complaints were not resolved to the plaintiff's satisfaction and the plaintiff was placed on administrative leave and ultimately terminated from employment. *Id.* Based on these allegations, the plaintiff alleges claims for gender and age discrimination, retaliation and violation of due process. In the plaintiff's initial complaint (Filing No. 1) and the amended complaint (Filing No. 2) the plaintiff requested trial to be in Omaha, Nebraska.

The plaintiff is a citizen of Gibbon, Nebraska. **See** Filing No. 2, ¶ 1. Gibbon is in Buffalo County, Nebraska, approximately 12 miles from Kearney, Nebraska. **See** Filing No. 12, Exhibit 1 ¶ 3. The defendant is the City of Kearney, Nebraska, which is approximately 186 miles from Omaha, Nebraska and 100 miles from North Platte, Nebraska. *Id.* ¶ 2. The attorneys who have made appearances for the plaintiff and the defendant have offices in Omaha, Nebraska, and Kearney, Nebraska, respectively. The defendant contends the vast majority of witnesses are residents of the City Kearney and/or police officers for the City of Kearney. *Id.* ¶ 4.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. **Standard Office Sys. v. Ricoh Corp.**, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the

provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  *Nelson*, 747 F. Supp. at 535 (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The convenience of the defendant, its counsel and the majority of witnesses, on the basis of the affidavit before the court, appears to favor North Platte.  The relative convenience of trial in North Platte outweighs the convenience to the plaintiff's counsel of having trial in Omaha.  After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska.  Upon consideration,

**IT IS ORDERED:**

1. The defendant's Request for Place of Trial Different Than That Requested by the Plaintiff (Filing No. 12) is granted.

2. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 17th day of July, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge